Mary Elizabeth FRANKE, Plaintiff-
Respondent,

v.

Robert Charles FRANKE, Defendant-
Appellant.

No. 53981.

Supreme Court of Missouri,
Division No. 2.

Nov. 10, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied Dec. 8, 1969.

John L. Anderson, Anderson, Anderson & Brooking, Hillsboro, for appellant.

WILLIAM M. TURPIN, Special Judge.

Defendant-husband appeals from judgment in a divorce action wherein the trial court granted a divorce to the Plaintiff-wife, awarded her $125 per month per child for support of minor children and an award to Plaintiff of $18,000 as alimony in gross. Plaintiff-wife appeals from award of alimony in gross. Plaintiff did not file a brief in this court. Her appeal is dismissed.

The amount in dispute exceeding $15,000, this Court has jurisdiction. Article V, Section 3 of Const. of Mo., V.A. M.S. The parties will be referred to as they appeared in the trial court.

This being a court-tried equity case, we review de novo upon both the law and the evidence. We shall not set aside the judgment unless it is clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Section 510.310(4), RS Mo 1959, V.A.M.S. and Rule 73.01(d), V.A. M.R.

Mary Elizabeth Jeanne Franke and Robert Charles Franke were married August 18, 1945, and separated in May, 1967. As grounds for her divorce the Plaintiff alleged that the Defendant refused to support her and the children; that Defendant called her vile names; that Defendant nagged and quarreled with Plaintiff; that Defendant was cold and indifferent; that Defendant refused to take Plaintiff out socially; and, that Defendant created an intolerable atmosphere at home. The evidence necessary for a decision is set out further in this opinion.

Defendant asserts the trial court committed error in six respects for which this Court should reverse. Defendant's points are: (1) that the evidence fails to disclose acts or conduct on the part of Defendant constituting "indignities"; (2) that the evidence fails to disclose indignities "as part of a continuous course of conduct"; (3) that the evidence fails to disclose conduct on the part of Defendant as to connote "settled hate, manifest alienation and estrangement, consisting of unmerited contemptuous conduct, or words and acts of Defendant against Plaintiff showing contempt, contumely, incivility or injury accompanied with insult and amounting to a species of mental cruelty"; (4) that the evidence adduced on behalf of Plaintiff amounted to mere conclusions and is without probative value; (5) that alimony in gross of $18,000 is excessive and without sufficient evidentiary support; and (6) the court erred in awarding support for the minor children in the sum of $125 per month for each child.

Plaintiff testified that at the time of marriage Defendant worked at Wagner Electric, but quit his job there to go to

college to become an optometrist, which profession he was following at the time of the hearing. Plaintiff worked part time while he was in school.

Plaintiff worked all but two and one-half to three years of the marriage. Her income was used for support of the family, purchasing clothing for the children and herself, and for food for the entire family. Defendant contributed about $35 a month towards the food bills, with Plaintiff furnishing the balance. Defendant would never discuss the family finances with Plaintiff and Plaintiff at the time of hearing had no knowledge of family finances. There was never money allotted or budgeted for expenses. Defendant never told Plaintiff about his income. Plaintiff at the time of the hearing had not accumulated any savings of her own.

Defendant admitted to stocks and bonds in his name alone valued at $37,000 at trial time, jointly held stocks and bonds valued at $27,000, and a home owned by the entireties valued at $18,000.

Plaintiff further testified that Defendant took no interest in the children; that she was under pressure to save money to the extent of Defendant reminding them to hurry up and shut the refrigerator door and not use too much water for taking baths. When she would ask for money for clothing for the children there would be a great to-do about it. There was profanity and name calling in front of the children and their friends. Plaintiff and Defendant had no social life, and never did any entertaining. On one occasion when Robert, Jr., was home from college and requested money needed for school expenses Defendant finally gave him a check and then threw the checkbook.

█ The first four points raised by Defendant will be considered together. Defendant argues that Plaintiff's testimony fell far short of that required to obtain a divorce and cites Capps v. Capps, Mo.App., 65 S.W.2d 661, and Moore v. Moore, Mo. App., 337 S.W.2d 781, to sustain his posi-

tion. In Capps the only ground alleged was quarreling and nagging. In Moore the only grounds were that the wife was domineering and indicated a dislike for Plaintiff's relations and friends. The facts in those cases distinguish them from the case at hand. Further in the Moore case, supra, the Court said, at p. 787, "Each case of this kind must necessarily be judged on its own facts. No 'indignities' case is exact precedent for another, and no hard, fast rule can be followed, because the sensitivities of people differ." Richardson v. Richardson, Mo.App., 270 S.W.2d 68. Here Plaintiff's proof was of additional indignities.

Further, Defendant says the trial court erred because Plaintiff's testimony was not sufficient in that there was no proof that the indignities offered by Defendant to Plaintiff were part of a continuous course of conduct, citing O'Leary v. O'Leary, Mo. App., 385 S.W.2d 346; Capps v. Capps, supra, and Waters v. Waters, Mo.App., 357 S.W.2d 233. Plaintiff's evidence was that "I *never* knew anything about the financial situation. Nothing was *ever* discussed with me." Again, " * * * but *never* anything else in the way of social life. We *never* did any entertaining." (Emphasis ours.) This does indicate they covered a period of time.

As to Defendant's penuriousness Plaintiff testified: "Because of the great effort to save money we were always under a strain. If the refrigerator door was open there would be this great hurry to shut it and we would be reminded to shut it in a hurry. Many times we had to watch our bath water because we couldn't use too much. The children and I were always under a strain. * * *" This again discloses acts as part of a continuous conduct. The Kansas City Court of Appeals has said the penuriousness of a Defendant may amount to mental cruelty. Markham v. Markham, Mo.App., 429 S.W.2d 320; Wright v. Wright, Mo.App., 239 S.W.2d 765. Such is true here.

 If Defendant believed as he argues that the conduct was not continuous he should have cross-examined Plaintiff as to specific dates or lack of dates. Defendant did not ask Plaintiff one single question as to the charges alleged in her petition or as she testified to, but cross-examined only as to financial matters. Nor did Defendant in his testimony deny or elaborate on any of Plaintiff's allegations. His testimony was limited to finances.

Finally Defendant argues that Plaintiff's testimony was merely conclusions, but that he did not object for reasons of his own. Defendant can not now be heard to complain about his own trial tactics. The trial court found the evidence credible and worthy of belief. We agree. The other cases cited by Defendant have been read and are not applicable here.

Defendant next complains that the award of $18,000 as alimony in gross was grossly excessive and there was no evidence as to his wife's needs, her standard of living or what her contribution was to property accumulated during coveture. Does the Defendant expect us to ignore Plaintiff's uncontradicted testimony as to working while Defendant went to school to learn his profession, or the fact that her entire earnings (over $500 per month at time of separation) were used for the upkeep of a family of five? She worked twenty out of the twenty-three years the parties lived together. Her contribution to any accumulation of property of the parties can not be seriously contested. The only property accumulated that Plaintiff did not contribute to was the inheritance Defendant received from his father. We do not believe the trial court included this in making the award of alimony in gross. She testified that she had not been able to save or accumulate property for herself. As to her standard of living, suffice it to say with their income and savings they were not paupers. Defendant's evidence is proof of the parties' standard of living. There was ample evidence to support the award of the trial court.

Lastly, Defendant complains as to the child support allowances for the children. Courts may take judicial notice that the cost of rearing and providing for teen-agers requires more than meager allowances. Under the evidence we can not say the trial court abused its discretion in these allowances.

The judgment of the trial court is affirmed.

All of the Judges concur.